UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS MORRIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPOTIFY USA INC., a New York corporation; RODERICK BRISCO, professionally known as "Young Roddy," an individual; BABYGRANDE GLOBAL, INC., a New York corporation, individually, and doing business as "IHipHop Distribution"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:22-cv-10389 |

**COMPLAINT FOR:**

1. Copyright Infringement;
2. Vicarious and/or Contributory Copyright Infringement; and
3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202)

**JURY TRIAL DEMANDED**

1
COMPLAINT

Plaintiff, Dennis Morris ("Morris" or "Plaintiff"), by and through his undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff is an individual currently residing in London, England.

6. Plaintiff is informed and believes and thereon alleges that Defendant Spotify USA Inc. ("Spotify") is a New York corporation, having its principal place of business at 4 World Trade Center, 150 Greenwich Street, 62nd Floor, New York, NY 10007, and does business in and with New York and this District.

7. Plaintiff is informed and believes and thereon alleges that Defendant Roderick Brisco ("Young Roddy") is an individual who is an American hip hop recording artist signed to Jet Life Recordings and iHipHop Distribution.

8. Plaintiff is informed and believes and thereon alleges that Defendant Babygrande Global, Inc. is a New York corporation with offices at 101 West 23rd Street, Suite 296 New York, NY10011 and which does business under its own name and "IHipHop Distribution" (collectively "Ihiphop").

9. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive (collectively with Spotify and Young Roddy, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the

infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHIC WORK

11. Plaintiff is an accomplished and critically acclaimed photographer well-renowned for, amongst other things, creating compelling and resonant portraiture and imagery. His celebrated portfolio includes photographs depicting famed bands and musicians.

12. Plaintiff created and owns the original photograph depicted in **Exhibit A** attached hereto (the "Subject Photograph.")

13. Plaintiff is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph.

14. The Subject Photograph was registered with the U.S. Copyright Office prior to the infringement alleged herein.

15. Plaintiff reached out to Young Roddy in an attempt to resolve this matter without the need for litigation. That attempt was rebuffed, forcing the artist to file this action. The infringing YouTube use identified in **Exhibit B** below remained online as of 1:00 pm EST on **December 7, 2022**, well after Defendants received notice of the infringement at issue.

16.     Upon information and belief, Plaintiff alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for commercial benefit by, without limitation, reproducing the Subject Photograph on their song cover and platform. True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto ("Infringing Content.") These copies and screen captures represent non-inclusive exemplars of the Infringing Content.

17.     On information and belief, Plaintiff alleges that various other online streaming services have also exploited the Infringing Content, at the direction of Defendants, and Plaintiff reserves the right to add such parties to this action as Defendants upon confirmation of the foregoing.

18.     Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Photograph. The Defendant did not contact Plaintiff and obtain a license to use the Subject Photograph before the exploitation at issue.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against all Defendants, and Each)**

19.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

20.     Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Plaintiff's website, on other sites online, or in Plaintiff's numerous online profiles. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Content.

21.     Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online at least on the website(s) depicted in **Exhibit B** hereto.

22. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyright by creating infringing derivative works from the Subject Photograph and publishing same to the public for commercial benefit.

23. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

25. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

26. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

27. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content

on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

28. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

29. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

31. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

32. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33.     The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author. One such example is set forth and marked by blue arrow in **Exhibit A**.

34.     Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same to the public.

35.     Plaintiff alleges on information and belief that Defendants, and each of them, distributed, published, and displayed the Subject Photograph via the article depicted in **Exhibit B** hereto, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

36.     The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and said information on and in the Infringing Content is false.

37.     When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

<b><u>PRAYER FOR RELIEF</u></b>

Wherefore, Plaintiff prays for judgment as follows:

<b><u>Against all Defendants, and Each:</u></b>

<u>With Respect to Each Claim for Relief:</u>

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from any print,

advertisement, or other publication owned, operated and controlled by any Defendant;

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

3. That a constructive trust be entered over any revenues or proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's rights;

4. That Plaintiff recover his attorneys' fees as available under the Copyright Act U.S.C. §505 and/or §1203;

5. That Plaintiff be awarded his costs and fees under the statutes set forth above;

6. That Plaintiff be awarded statutory damages and/or penalties as set forth above;

7. That Plaintiff be awarded pre-judgment interest as allowed by law;

8. That Plaintiff be awarded the costs of this action; and

9. That Plaintiff receive such legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: December 8, 2022
New York, New York

Respectfully Submitted,

By: _____
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
Attorneys for Plaintiff

# EXHIBIT A



As published on The Guardian's website:



'It feels prophetic' ... the shot Morris took in the Black House in 1969. Photograph: Dennis Morris

# EXHIBIT B

